CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 29 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE S. WATTS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00398 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| U.S. PAROLE COMMISSION, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

The petitioner, Andre Watts, a federal inmate proceeding pro se, filed this action as a petition for writ of mandamus under 28 U.S.C. § 1361. The action is presently before the court on the respondent's motion to dismiss and/or motion for summary judgment. For the reasons that follow, the court will grant the respondent's motion.

## Background

The petitioner is presently incarcerated at United States Penitentiary (USP) - Lee in Jonesville, Virginia. On May 15, 1987, he was sentenced in the United States District Court for the Eastern District of Virginia to a five-year term of imprisonment for the offense of theft of personal property within the special jurisdiction of the United States. The petitioner began serving the sentence in May of 1994, and on May 10, 1997, the petitioner was released on parole, with 702 days remaining to be served.

On July 17, 1998, the United States Parole Commission (Parole Commission) issued a parole violator warrant. The Parole Commission charged the petitioner with using dangerous or habit forming drugs, violating a special condition of his release, and failing to report to his probation officer as directed.

The Parole Commission later learned that the petitioner had been arrested on June 12,

1998, and charged with robbery and assault on a police officer. The Parole Commission supplemented the parole violator warrant to include this information.

On March 23, 1999, the Superior Court of the District of Columbia sentenced the petitioner to a total term of imprisonment of 120 days for attempted theft. Additionally, on May 26, 1999, the Superior Court sentenced the petitioner to a total term of imprisonment of four to twelve years for the offenses of robbery and assaulting, resisting, or interfering with a police officer.[1]

On September 5, 2002, the petitioner applied for parole on his four to twelve-year aggregate sentence. The Parole Commission[2] conducted an initial parole hearing on February 5, 2003. The hearing examiner noted that the petitioner had a parole guideline range of 84 to 96 months, and that the petitioner had been in continuous custody for only 46 months. Based on the petitioner's "repeated involvement in criminal activity," the hearing examiner recommended continuing the petitioner to a reconsideration hearing in February 2006. On February 24, 2003, the Parole Commission denied parole and continued the petitioner to a three-year reconsideration hearing in March 2006.

On April 9, 2003, the petitioner asked the Parole Commission to reconsider its decision to deny parole. Upon reviewing the petitioner's request, the Parole Commission determined that

---

[1] In light of the petitioner's new sentence, the Parole Commission withdrew the parole violator warrant.

[2] On August 5, 1998, the United States Parole Commission assumed responsibility for making parole decisions involving D.C. Code offenders, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)(1)).

2

the petitioner had presented insufficient information to warrant reopening his case.

On November 16, 2005, the petitioner executed a Notice of Hearing - Parole Application form. The form advised the petitioner that he would receive a parole hearing in March of 2006, provided that he "applied for parole in the space below." However, rather than indicating that he still wished to be paroled, the petitioner initialed item 3A, which indicates as follows: "I wish to waive parole consideration at this time." As a result, the petitioner's name was removed from the docket for parole hearings at U.S.P. - Lee.

On January 11, 2006, the Parole Commission received a letter from the petitioner. In the letter, the petitioner stated that he was "not waiving consideration for parole, only waiving [his] appearance at the reconsideration hearing schedule [sic] for March of 2006." On January 27, 2006, a Correspondence Specialist with the Parole Commission notified the petitioner that the Commission had received his letter. The petitioner was advised that the information contained in the letter would be given full consideration by the Parole Commission.

On May 22, 2006, the petitioner was presented with another Notice of Hearing - Parole Application form. Because the petitioner refused to sign the form, he was again removed from the docket for parole hearings.

The petitioner filed the instant petition on June 30, 2006. The petitioner alleges that the Parole Commission was obligated to hold a reconsideration hearing within 36 months of the initial parole hearing. The petitioner requests an order directing the respondent to render a parole decision.

## Discussion

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary

3

situations." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The party seeking mandamus relief must show that he has no other adequate means to attain the relief he desires and that his entitlement to relief is clear and undisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). The United States Court of Appeals for the Fourth Circuit has held that a party seeking a writ of mandamus must demonstrate "each and every one" of the following "rigorous" requirements: "(1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances." United States ex rel. Rahman v. Oncology Assocs., P.C., 201 F.3d 277, 286 (4th Cir. 1999).

In this case, the court agrees with the respondent that the petitioner cannot satisfy the first requirement. It is undisputed that the petitioner waived parole consideration on November 16, 2005. As a result, the petitioner must reapply for parole in order to be considered for parole at a later date. See 28 C.F.R. § 2.71(d) ("A prisoner who waives parole consideration may later apply for parole and be heard during the next visit of the Commission to the institution at which the prisoner is confined, provided that the prisoner has applied for parole at least 60 days prior to the first day of the month in which such visit of the Commission occurs."). Although the petitioner later advised the Parole Commission that he only wished to waive his appearance at the scheduled parole hearing,[3] the petitioner did not reapply for parole, as required by § 2.71(d).

---

[3]The court notes that the petitioner has cited no authority that would suggest that the Parole Commission can simply hold a reconsideration hearing without an inmate being present. The only instance in which the applicable federal regulations permit the Parole Commission to refrain from holding a reconsideration hearing is when the Commission decides to grant a parole effective date, based on its pre-hearing review of an inmate's record. See 28 C.F.R. § 2.75(d).

4

Moreover, when given the opportunity to reapply for parole on May 22, 2006, the petitioner refused to sign the Notice of Hearing-Parole Application form.

Until the petitioner reapplies for parole, the Parole Commission is not obligated to hold a reconsideration hearing or issue a parole decision. As a result, the petitioner is not entitled to the relief he desires, and his petition for writ of mandamus must be dismissed.

## Conclusion

For the reasons stated, the court will grant the respondent's motion. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 29th day of September, 2006.

_/s/ Glen Conrad_
United States District Judge