CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 13 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE S. WATTS, ) | |
|     Petitioner, ) | Civil Action No. 7:06CV00398 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| U.S. PAROLE COMMISSION, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

This matter is before the court upon petitioner Andre S. Watts' motion to alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. By order entered September 29, 2006, Watts' petition for mandamus was dismissed because he was not entitled to the relief he requested.[1] Watts now argues that this court

> made a mistake – inadvertently [sic] in the application of the law in its prior order of September 29, 2006, denying petitioner [sic] writ of mandamus, that was sought to compel the respondent to recognize that it had the discretion to conduct the parole hearing in petitioner absentia [sic] and issue a Notice of Action.

Upon review of the present motion, the court concludes that Watts is not entitled to relief.

---

[1] Petitioner requested an order directing the respondent to render a parole decision. This court agreed with the respondent that the petitioner could not satisfy the first requirement to qualify for mandamus relief, i.e., that a party seeking a writ of mandamus must demonstrate that "he has a clear and indisputable right to the relief sought." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). In its memorandum opinion of September 29, 2006, the court observed:
> It is undisputed that the petitioner waived parole consideration on November 16, 2005. As a result, the petitioner must reapply for parole in order to be considered for parole at a later date. See 28 C.F.R. § 2.71(d) ("A prisoner who waives parole consideration may later apply for parole and be heard during the next visit of the Commission to the institution at which the prisoner is confined, provided that the prisoner has applied for parole at least 60 days prior to the first day of the month in which such visit of the Commission occurs."). Although the petitioner later advised the Parole Commission that he only wished to waive his appearance at the scheduled parole hearing, the petitioner did not reapply for parole, as required by § 2.71(d). Moreover, when given the opportunity to reapply for parole on May 22, 2006, the petitioner refused to sign the Notice of Hearing-Parole Application form.
>     Until the petitioner reapplies for parole, the Parole Commission is not obligated to hold a reconsideration hearing or issue a parole decision. As a result, the petitioner is not entitled to the relief he desires, and his petition for writ of mandamus must be dismissed.

1

Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Such relief is an extraordinary remedy and should only be invoked on a showing of exceptional circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Additionally, "inadvertence, ignorance of the rules, or mistakes construing the rules" and delays caused by the postal service "do not usually constitute 'excusable' neglect." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996) (quoting Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)). Moreover, the purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling. CNF Constructors, Inc. v. Dohohoe Construction Co., 57 F.3d 395, 401 (4th Cir. 1995).

Watts has not alleged any of the factors listed in Rule 60(b) that would support granting relief. Rather, Watts claims that the court made a mistake in denying the writ of mandamus because he "sought to compel the respondent to recognize that it had the discretion to conduct the parole hearing" in his absence, and that the respondent, upon petitioner's re-application for parole, has now acknowledged its discretion to do so, having conducted a hearing and established petitioner's parole release date as December 3, 2007. However, the court's holding of September 29, 2006, that "[u]ntil the petitioner reapplies for parole, the Parole Commission is not obligated to hold a reconsideration hearing or issue a parole decision," is not subject to any claim of mistake; nor is the court's memorandum opinion and order of September 29, 2006 susceptible to alteration or amendment under any of the other Rule 60(b) factors.[2] Therefore, the court finds that relief under Rule 60(b) is not

---

[2] Moreover, as the court explicitly noted in its opinion of September 29, 2006, "federal regulations permit the Parole Commission to refrain from holding a reconsideration hearing . . . when the Commission decides to grant a parole effective date, based on a pre-hearing review of an inmate's record." See 28 C.F.R. § 2.75(d). As

appropriate. Id.

Based on the foregoing, Watts' motion to alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is **DENIED**.

The Clerk of the Court is directed to send certified copies of this order to plaintiff and counsel of record for the defendants.

ENTER: This 13th day of June, 2007.

                                          _____
                                          United States District Judge

---

the court has already observed, petitioner states that he has been granted a parole effective date of December 3, 2007. Additionally, petitioner has submitted to the court a copy of a United States Parole Commission order, dated May 23, 2007, establishing a parole effective date of December 3, 2007.